**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 22-811 (JXN) |
| Plaintiff, | |
| v. | **OPINION** |
| MARKELL REYES, | |
| Defendant. | |

**NEALS**, District Judge

Defendant Markell Reyes ("Defendant") was sentenced to seventy months in prison for a drug offense, followed by four years of supervised release. His term of supervised release ends in July 2026—less than four months from now. Defendant moved to terminate his supervised release early. (ECF No. 6.) The United States ("Government") opposed. (ECF No. 8.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth below, Defendant's motion is **GRANTED**.

I.      **BACKGROUND**

On March 20, 2017, Defendant pled guilty in the Northern District of New York to one count of possession with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. § 841(a)(1). (J. of Conviction, ECF No. 2-1.) Judge David N. Hurd sentenced Defendant to seventy months in prison, followed by four years of supervised release. (*Id.* at 2–3.) After his prison term, Defendant moved to New Jersey. (Transfer of Jurisdiction, ECF No. 1.) Defendant's supervised release began on July 14, 2022 and will end on July 13, 2026 (*Id.*).

Defendant violated the terms of his supervised release once in October 2022, and again in January 2023. (*See* Order Modifying Supervision, ECF No. 4; Noncompliance Report, ECF No. 5.) The first violation occurred in October 2022, when Bayonne police pulled over Defendant for failing to stop at a stop sign (Order Modifying Supervision at 2.) During the stop, officers saw glassine folds of heroin in Defendant's car and "a white rock substance scattered on the driver's side floor and seat." (*Id.*) A search of the car revealed four glassine folds and a digital scale. (*Id.*) Bayonne police arrested and charged Defendant with possession of heroin, in violation of N.J.S.A. 2C:35-10A(1), and possession of drug paraphernalia, in violation of N.J.S.A. 2C:36-2. (*Id.*) Following the arrest, Defendant agreed to a modification of his supervised release to include two months of location monitoring and home detention, which the Court granted. (*See generally id.*)

The second violation occurred in January 2023, when a probation officer conducted an unannounced visit at Defendant's home. (Noncompliance Report at 2.) The officer noticed the house smelled strongly of marijuana. (*Id.*) Defendant admitted he smoked marijuana two days earlier "due to body pain." (*Id.*) After the officer reminded Defendant that he was not allowed to smoke marijuana while on supervised release, Defendant stated it was an isolated incident, and he would not do so again. (*Id.*) Since then, Defendant has not violated the terms of his supervised release.

On August 7, 2024, this Court received a letter from Defendant requesting early termination of his supervised release.[1] (Mot., ECF No. 6.) Defendant explained that he obtained his GED while in prison, is a forklift operator, has been working for a manufacturing company for

---

[1] Defendant styled his request as an early termination of his probation. (*Id.*) Defendant, however, is on supervised release, not probation. (*See* J. of Conviction.) The Court briefly explains the difference. Probation is a "criminal sanction." *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987). It is "simply one point (or, more accurately, one set of points) on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." *Id.* Supervised release, by contrast, is "a form of postconfinement monitoring." *United States v. Smalls*, 155 F.4th 216, 220 (3d Cir. 2025) (quoting *Mont v. United States*, 587 U.S. 514, 523 (2019)).

several years, obtained a commercial driver's license, hopes to become a commercial truck driver, and joined a nonprofit, where he provides "mental health presentations to youth." (*Id.* at \*1–2.) Defendant aims to one day buy a truck and "be an owner-operator." (*Id.* at \*2.)

The Government opposed, arguing early termination is "not warranted" by Defendant's conduct or the interests of justice. (Gov't Opp'n at 5, ECF No. 8.)

## II.   <u>LEGAL STANDARD</u>

Granting a motion for early termination of supervised release is committed to the Court's discretion. *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The Court, likewise, has "broad discretion to consider all relevant information" in ruling on an early termination motion. *Concepcion v. United States*, 597 U.S. 481, 491 (2022).

Under 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release if, after reviewing factors listed in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The 18 U.S.C. § 3553(a) factors the Court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 52 (quoting *United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018)). The Court need not "make specific findings of fact with respect to each of these factors." *Id.* at 52–53. Rather, a statement that the Court has considered the factors is sufficient. *Id.* at 53.

If the sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), the Court expects "that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Thus, early termination is generally appropriate "'when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (quoting *Davies*, 746 F. App'x at 89). Yet finding "an exceptional, extraordinary, new, or unforeseen circumstance" is not a requirement for a court to grant early termination. *Id.*

III.    **DISCUSSION**

Having reviewed the § 3553(a) factors, Defendant's conduct, and the interests of justice, the Court concludes early termination of Defendant's supervised release is warranted.

First, the Court has considered the applicable § 3553(a) factors. They favor early termination of supervised release. The Court agrees with the Government that Defendant's crime was serious. But supervised release is unnecessary, at this juncture, to provide Defendant "with needed educational or vocational training," and may hinder Defendant's attempts at establishing a truck-driving career, given the restrictions imposed on Defendant's ability to travel.

Second, the Court finds that Defendant's conduct and the interests of justice warrant early termination. For the last three years, Defendant has complied with the terms of his supervised release. And, while the Court agrees with the Government that Defendant is expected to comply with the terms of supervised release, the Court "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion." *Melvin*, 978 F.3d at 53. Rather, "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). The Court is satisfied, based on the record, that Defendant has transitioned to community life.

4

Defendant obtained his GED, got a commercial driver's license, maintained steady employment, participated in rehabilitative programs, and rebuilt relationships with his family. While Defendant had two violations of his supervised release in late 2022 and early 2023, he has since remained infraction-free. In other words, it appears those earlier incidents were outliers. The Court, therefore, concludes the rehabilitative purposes of supervised release have been achieved, and terminating supervised release four months early is in the interests of justice.

## IV.   CONCLUSION

For the foregoing reasons Defendant's motion for early termination of supervised release (ECF No. 6) is **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED:**   3/27/2026

JULIEN XAVIER NEALS
United States District Judge